IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY DALE BYBEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0152 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**
**FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus wherein he challenges the April 14, 2011 revocation of his parole in Potter County, Texas, and his prolonged detention pursuant to such revocation. Petitioner is confined in the Potter County Detention Center in Potter County, Texas. Petitioner was previously confined in TDCJ-CID pursuant to various convictions for offenses of selling or manufacturing controlled substances and the 16-year sentences imposed for each on April 26, 1993. In his habeas application, petitioner advises the Court he has not "filed any petitions, applications or motions in any state or federal court challenging [his] parole revocation."

EXHAUSTION

Parole is a form of restraint which allows a Texas parolee to pursue the post-conviction

remedies afforded under article 11.07 of the Texas Code of Criminal Procedure. *Board of Pardons & Paroles ex rel. Keene v. Courtof Appeals for the Eight District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995). A claim that parole or other form of administrative release has been unlawfully revoked must be brought to the attention of the convicting court by way of article 11.07 habeas corpus proceedings. *Id.* The Texas Court of Criminal Appeals ultimately entertains the challenges to parole revocation proceedings and has the exclusive authority to grant relief in such proceedings. *Id.* at 483-84.

Based on his acknowledgments, petitioner has not properly presented his claims of an unlawful parole revocation or unlawful detention to the Texas Court of Criminal Appeals by filing an 11.07 state habeas corpus petition with the Potter County District Clerk's Office. Review of the Potter County online docket service and the Texas Court of Criminal Appeals online website confirms petitioner has not filed any state habeas corpus petitions. Consequently, the state courts have not had any opportunity to review petitioner's claims. Accordingly, this Court must find petitioner has not exhausted his claims by pursuing his state court remedies through state habeas corpus proceedings. As the record now exists, it is the opinion of the Magistrate Judge that the petition should be dismissed for failure to exhaust the remedies available in the courts of the State. *See* 28 U.S.C. § 2254(b), (c).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JERRY DALE BYBEE be DISMISSED for failure to exhaust.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of August 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

 * <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).